Dear Mr. Gatewood:
Reference is made to your request, on behalf of the Washington Parish Government, for an Attorney General's opinion regarding certain costs incurred by the Washington Parish Sheriff in connection with his services as Ex-Officio Tax Collector. Your letter presents five specific questions for our review. In an effort to present our answers in an orderly and irredundant fashion, we have grouped your questions together, where appropriate, for response.
 "May the Washington Parish Sheriff, in his capacity as ex officio tax collector, for Washington Parish, utilize 33:4713 to obtain reimbursement, from Parish Government (essentially pro rata, from all tax recipient bodies) for production costs of ad valorem tax notices?"
LSA-R.S. 33:4713, entitled "Providing quarters for court andparish officers" provides:
 "Each Parish shall provide and bear the expense of a suitable building and requisite furniture for the sitting of the district and circuit courts and such offices, furniture and equipment as may be needed by the clerks and recorders of the parish for the proper conduct of their offices and shall provide such other offices as may be needed by the tax collectors and assessors of the parish and shall provide the necessary heat and illumination therefor.
 The cost of such furniture and equipment, supplies and maps, as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 The police jury or other governing body shall make these purchases and then bill the other tax recipient bodies for their proportionate share."
 In our opinion, this provision requires a parish governingauthority to purchase necessary furniture, equipment and suppliesfor the sheriff, in his capacity as tax collector, then bill alltax recipient bodies so as to collect from them theirproportionate share of these costs. This provision of law doesnot require parish governing authorities, or tax recipient bodies,to contribute to the Sheriff's costs associated with theproduction of tax notices.
 Pertinent to your request is Attorney General's OpinionNo. 02-0263, which stated:
 "The Sheriff, as a result of Act 689 [of the 1976 Regular Legislative Session] (La.R.S. 33:9001-33:9009), which created law enforcement districts for the purpose of providing financing to the office of the sheriff of each parish, has his own general fund (also called the "salary fund") via a tax levied to replace the sheriff's commission, which was the source of revenue prior to adoption of the act. This fund is governed by la. R.S. 33:1422, which states in paragraph A that "a sheriff and ex-officio tax collector shall pay from the sheriff's salary fund, upon warrant drawn by him, all expenses authorized by law which are incurred in the performance of his duties " La. Atty. Gen. Op. No. 84-404." (Emphasis supplied).
This office has consistently interpreted Act 689, and the amendments thereto, to require sheriffs to fund the costs associated with the collection of ad valorem taxes solely through the various law enforcement district millages authorized in Act 689. Attorney General's Opinions Nos. 93-836, 78-1004, 77-1088.
 "May the Washington Parish Sheriff, in his capacity as ex officio tax collector for Washington Parish, contract with a private vendor to service the system of collecting ad valorem taxes?"
 Our research did not reveal, nor are we aware of, any provision oflaw which would prohibit a Sheriff from contracting with a privatevendor to perform collection services with respect to thecollection of ad valorem taxes. It is the opinion of this officethat a Sheriff or Ex-Officio Tax Collector may contract with aprivate vendor for the collection of the taxes.
 "May the Washington Parish Sheriff, in his capacity as ex officio tax collector for Washington Parish, utilize R.S. 33:4713 to obtain reimbursement, from Parish Government (essentially pro rata, from all tax recipient bodies) for the total expense under a contract for services with a private vendor to service the system of collecting parish ad valorem taxes? May the Washington Parish Sheriff, in his capacity as ex officio tax collector for Washington Parish, utilize R.S. 33:4713 to obtain reimbursement, from Parish Government (essentially pro rata from all tax recipient bodies) for any part of the cost accrued by or associated under a contract with a private vendor to service the system of collecting ad valorem taxes? Must the Washington Parish Sheriff, in his capacity as ex officio tax collector, pay all costs associated with a contract with a private vendor to service the system of collecting parish ad valorem taxes?"
As noted in our response to your first question, this office has consistently interpreted Act 689, and the amendments thereto, as requiring sheriffs to fund the costs associated with the collection of ad valorem taxes solely through the various law enforcement district millages authorized in Act 689. Attorney General's Opinions Nos. 93-836, 78-1004, 77-1088. Any costs or expenses associated with a contract for the services of a private vendor to service the system of collecting ad valorem taxes would clearly be costs associated with the collection of ad valorem taxes. As such, the costs and expenses would have to be borne by the sheriff out the proceeds of the law enforcement district millage(s) authorized by LSA-R.S. 33:9003.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
BY: ________________________________
 JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
CCF, jr./JMZB/dam